LITTLER MENDELSON, P.C.
Jean L. Schmidt
900 Third Avenue
New York, New York 10022
(212) 583-9600
Attorneys for Defendant Montefiore Medical Center

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHERYL DUCOTE,

                          Plaintiff,

          -against-

MONTEFIORE MEDICAL CENTER,

                          Defendant.

Civil Action Nr.  14-cv-10095 (PKC)

**ANSWER TO  COMPLAINT**

          Defendant Montefiore Medical Center ("Defendant"), by and through its counsel Littler

Mendelson, P.C., for its Answer to the Plaintiff Cheryl DuCote ("Plaintiff") Complaint (the

"Complaint") responds as follows:

**NATURE OF THE ACTION**

          1.          Denies the allegations set forth in Paragraph 1 of the Complaint, except admits

that Plaintiff purports to proceed as set forth therein.

          2.          Neither admits nor denies the allegations set forth in Paragraph 2 of the

Complaint as they are conclusions of law only.

**JURISDICTION & VENUE**

          3.          Deny the allegations set forth Paragraph 3 of the Complaint.

          4.          Neither admits nor denies the allegations set forth in Paragraph 4 of the

Complaint as they are conclusions of law only.

5.     Neither admits nor denies the allegations set forth in Paragraph 5 of the Complaint as they are conclusions of law only.

6.     Neither admits nor denies the allegations set forth in Paragraph 4 of the Complaint as they are conclusions of law only, except admits that Plaintiff filed a charge of discrimination with the EEOC and the EEOC issued a Notice of Right-to-Sue Letter dated September 26, 2014 with respect to the charge.

## TRIAL BY JURY

7.     Admits the allegations set forth in Paragraph 7 of the Complaint.

## PARTIES

8.     Admits the allegations set forth in Paragraph 8 of the Complaint.

9.     Admits the allegations set forth in Paragraph 9 of the Complaint.

## STATEMENT OF FACTS

10.     Admits the allegations set forth in Paragraph 10 of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint and therefore denies same.

12.     Admits the allegations set forth in Paragraph 12 of the Complaint.

13.     Admits the allegations set forth in Paragraph 13 of the Complaint.

14.     Denies the allegations set forth in Paragraph 14 of the Complaint, except admits that Ms. DuCote received a 6% merit raise on October 15, 2009.

15.     Denies the allegations set forth in Paragraph 15 of the Complaint, except admits that Ms. DuCote received a 3% merit raise on October 15, 2010.

16.     Denies the allegations in Paragraph 16 of the Complaint, except admits that Ms. DuCote received a second raise in 2010.

17.     Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 17 of the Complaint, except admits that Ms. DuCote went on FMLA leave in or around March 2012.

18.     Denies the allegations set forth in Paragraph 18 of the Complaint, except admits that Plaintiff's employment ended on October 16, 2012.

19.     Denies the allegations set forth in Paragraph 19 of the Complaint.

20.     Denies the allegations set forth in Paragraph 20 of the Complaint, except admits that in or around September 2013, Plaintiff advised Montefiore that she thought she was ready to return to work.

21.     Denies the allegations set forth in Paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint, except admits that Plaintiff filled out a new application for employment with Montefiore and that she was interviewed by Tracey McGlinchey.

23.     Denies the allegations set forth in Paragraph 23 of the Complaint.

24.     Denies the allegations set forth in Paragraph 24 of the Complaint.

25.     Denies the allegations set forth in Paragraph 25 of the Complaint.

26.     Denies the allegations set forth in Paragraph 26 of the Complaint, except admits that in or around the Fall of 2013, Plaintiff called Justine Huffaker.

27.     Denies the allegations set forth in Paragraph 27 of the Complaint, except admits that Ms. Huffaker told Plaintiff that there was an open position in the recovery room and that she would forward Plaintiff's resume to Donna Douglas.

28.     Denies the allegations set forth in Paragraph 28 of the Complaint.

29.     Denies the allegations set forth in Paragraph 29 of the Complaint, except admits that Plaintiff was interviewed for the position in the recovery room.

30.     Denies the allegations set forth in Paragraph 30 of the Complaint, except admits that Plaintiff interviewed for a position as an assistant manager in the emergency department and that the position was filled by an incumbent employee.

31.     Denies the allegations set forth in Paragraph 31 of the Complaint, except admits that in or about May 29, 2014, Plaintiff contacted Robyn Ruderman, Labor and Employee Relations Counsel.

32.     Denies the allegations set forth in Paragraph 32 of the Complaint, except admits that Ms. Ruderman told Plaintiff to send her a list of positions Plaintiff would be interested in and that she would forward them to the nurse recruiter.

33.     Denies the allegations set forth in Paragraph 33 of the Complaint, except admits that Plaintiff emailed Ms. Ruderman a list of six (6) positions she was interested in and that Plaintiff did not request that Ms. Ruderman get back to her and that Ms. Ruderman did not get back to Plaintiff.

34.     Denies the allegations set forth in Paragraph 34 of the Complaint.

35.     Denies the allegations set forth in Paragraph 35 of the Complaint.

36.     Denies the allegations set forth in Paragraph 36 of the Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint and therefore denies same.

38.     Denies the allegations set forth in Paragraph 38 of the Complaint.

39.     Denies the allegations set forth in Paragraph 39 of the Complaint.

## FIRST CAUSE OF ACTION

40.    With respect to the allegations set forth in Paragraph 40 of the Complaint, Defendant repeats and realleges each and every response to Paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.    Neither admits nor denies the allegations set forth in Paragraph 41 of the Complaint as they are conclusions of law only and refer to the Americans With Disabilities Act for its full text and effect.

42.    Denies the allegations set forth in Paragraph 42 of the Complaint.

43.    Denies the allegations set forth in Paragraph 43 of the Complaint.

44.    Denies the allegations set forth in Paragraph 44 of the Complaint.

## SECOND CAUSE OF ACTION

45.    With respect to the allegations set forth in Paragraph 45 of the Complaint, Defendant repeats and realleges each and every response to Paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.    Denies the allegations set forth in Paragraph 46 of the Second Count of the Complaint.

47.    Denies the allegations set forth in Paragraph 47 of the Complaint.

48.    Denies the allegations set forth in Paragraph 48 of the Complaint.

## THIRD CAUSE OF ACTION

49.    With respect to the allegations set forth in Paragraph 49 of the Complaint, Defendant repeats and realleges each and every response to Paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50.     Neither admits nor denies the allegations set forth in Paragraph 50 of the Complaint as they are conclusions of law only and refer to the New York City Human Rights Law for its full text and effect.

51.     Denies the allegations set forth in Paragraph 51 of the Complaint.

52.     Denies the allegations set forth in Paragraph 52 of the Complaint.

53.     Denies the allegations set forth in Paragraph 53 of the Complaint.

## REQUEST FOR RELIEF

54.     Denies that Plaintiff is entitled to the relief set forth in the Request for Relief or to any relief against Defendant.

## DEFENSES

### FIRST DEFENSE

55.     The Complaint, and each of the claims and causes of action set forth therein, fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

56.     Some or all of the claims and causes of action set forth in the Complaint are barred by the applicable statute of limitations.

### THIRD DEFENSE

57.     All decisions made by Defendant with respect to Plaintiff and all actions taken with respect to her employment were based solely on legitimate, non-discriminatory factors, wholly without regard to Plaintiff's FMLA leave, her alleged disability or any perception of disability, and were made in good faith and in compliance with all applicable laws.

## FOURTH DEFENSE

58.     All decisions made by Defendant with respect to Plaintiff and all actions taken with respect to her employment were made without malice, ill will, fraud, oppression or any other improper motive.

## FIFTH DEFENSE

59.     Without conceding in any way the allegations of the Complaint, at all times relevant to the facts herein, Defendant has maintained and enforced policies prohibiting discrimination, has provided procedures through which employees can notify it of violations and/or perceived violations of these policies, has properly investigated all complaints of discrimination and has taken corrective action where appropriate.

## SIXTH DEFENSE

60.     The claims in the Complaint asserted against Defendant, including claims for any emotional or physical injuries or distress incurred in the course and scope of Plaintiff's employment, including any claims for recovery of medical costs or expenses allegedly incurred with any of them, are barred by the exclusive remedy provisions of the New York Worker's Compensation Law.

## SEVENTH DEFENSE

61.     Insofar as Plaintiff has sustained any damages based on the claims in the Complaint, her claims for damages are barred, in whole or in part because, upon information and belief, she has failed to mitigate them.

## EIGHTH DEFENSE

62.    Plaintiff's claims are barred, in whole or in part, to the extent any damages allegedly suffered by Plaintiff, entitlement to which is expressly denied, were the direct and proximate result of Plaintiff's own action or inaction.

## NINTH DEFENSE

63.    The alleged actions on which Plaintiff premises her claims in the Complaint are insufficient to warrant imposition of punitive damages.

## TENTH DEFENSE

64.    Plaintiff's claims are barred under the doctrine of unclean hands.

## ELEVENTH DEFENSE

65.    The alleged actions on which Plaintiff premises her claims in the Complaint against Defendant were not intended to and did not cause Plaintiff harm.

## TWELFTH DEFENSE

66.    Defendant reserves the right to assert any additional defenses should such defenses become known to them during the course of litigation in this action.

WHEREFORE, Defendant respectfully requests judgment in its favor and against Plaintiff granting the following relief:

a.    Dismissing Plaintiff's Complaint in its entirety;

b.    Awarding Defendant its costs, disbursements and attorneys' fees incurred in defending this action; and

c.    Any such other and further relief in Defendant's favor as the Court deems just and proper.

Dated: February 9, 2105
      New York, New York

/s/ *Jean L. Schmidt*

Jean L. Schmidt, Esq.
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY  10022.3298
212.583.9600

Attorneys for Defendant
Montefiore Medical Center

# CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2015, I caused to be served the foregoing Answer by filing it electronically with the Clerk of the above-captioned Court using its CM/ECF systems, upon:

> Walker G. Harman, Jr.
> Ronnie L. Silverberg
> The Harman Firm, P.C.
> 1776 Broadway, Suite 2030
> New York, NY  10019
> wharman@the harmanfirm.com
> rsilverberg@theharmanfirm.com
> Attorneys for Plaintiff

February 9, 2015


By: _____/s/_____
        Jean L. Schmidt