UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

CHERYL DUCOTE,

               *Plaintiff*,

        *v.*

MONTEFIORE MEDICAL CENTER,

               *Defendant.*

-----------------------------------------------------------------------x

14 Civ. 10095 (KC)(JCF)

**FIRST AMENDED COMPLAINT**

      Plaintiff Cheryl DuCote, by counsel, The Harman Firm, PC, alleges for her First Amended Complaint against Defendant Montefiore Medical Center as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff Cheryl DuCote ("Ms. DuCote") seeks damages and costs against Defendant Montefiore Medical Center ("Defendant" or "Montefiore") for discriminating against Ms. DuCote due to her illness and perceived disability. Defendant terminated and refused to re-hire Ms. DuCote after she was returned from medical leave.

2.     This matter arises under the the Americans with Disabilities Act of 1990, as codified 42 U.S.C. §§ 12101 *et seq.* ("ADA"), Family and Medical Leave Act, as codified 29 U.S.C. §§ 28 *et seq.* ("FMLA"), and the New York City Human Rights Law § 8-107 ("NYCHRL").

## JURISDICTION AND VENUE

3.     Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims as Defendant violated Plaintiff's rights under the ADA and FMLA.

4. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claim brought under New York City law.

5. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York as a substantial part of the events giving rise to the claim occurred within this District.

6. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Opportunity in Employment Commission ("EEOC"). The EEOC issued a Notice of Right-to-Sue Letter September 26, 2014 relating to the discriminatory acts described in this Complaint. This action was properly instituted within ninety (90) days of the issuance of the Right-to-Sue Letter.

## TRIAL BY JURY

7. Plaintiff respectfully requests a trial before a jury.

## PARTIES

8. Plaintiff Cheryl DuCote, at all times relevant hereto, was and is a resident of Bronx County, New York.

9. Upon information and belief, Defendant Montefiore is located at 111 East 210th Street, Bronx, New York 104567.

## STATEMENT OF FACTS

10. Plaintiff Cheryl DuCote is forty-nine (49) years old.

11. Ms. DuCote has a Master's Degree in Nursing Administration from Hunter College and a Master's Degree in Public Health Administration from Baruch College.

12. Ms. DuCote has over ten (10) years of nursing managerial experience.

13. In and around October 2007, Ms. DuCote began her employment with Montefiore as an Administrative Nurse Manager.

14. On October 15, 2009, Ms. DuCote received a 6% raise in recognition of her excellent work.

15. On October 15, 2010, Ms. DuCote received a 3% raise in recognition of her excellent work.

16. Again in 2010, Ms. DuCote received an increment adjustment based on educational background and years of nursing experience, which resulted in another raise.

17. In and around March 2012, Ms. DuCote went on FMLA leave for an abdominal cystic condition.

18. On or about October 16, 2012, Montefiore terminated Ms. DuCote's employment because of her perceived disability.

19. She was told that she could reapply for a managerial nursing position at Montefiore when she was able to work.

20. In Ms. DuCote's final review, which included a Leave and Termination Form apparently prepared on October, 19, 2012, Montefiore deemed that Ms. DuCote had met all of Montefiore's standards for job performance, ability to work with others, acceptance of supervision, attendance, punctuality, and appearance.

21. In and around September 2, 2013, Ms. DuCote told Chris Berner, an assistant vice president in human resources at Montefiore, that she was ready to return to work and eligible for re-hiring.

22. Mr. Berner told Ms. DuCote that she could return to Montefiore and that he would call a nurse recruiter to assist Ms. DuCote in obtaining an open managerial position.

23. In and around October 7, 2013, Ms. DuCote re-took the pharmacology exam, was interviewed by Tracey McGlincey, a nurse recruiter, and filled out a new application for employment with Montefiore.

24. In and around December 2013, Ms. DuCote became humiliated and frustrated that Montefiore would not re-hire her. She called Mr. Berner to meet and tell him that she was encountering unexplained obstacles in the interviewing process and experiencing difficulty receiving prompt responses.

25. During the conversation with Mr. Berner, he told Ms. DuCote in substance: "your management career is over here; you need to change careers or go to a different hospital."

26. On or about September 7, 2013, Tracy McGlincey, Montefiore's senior nurse recruiter, told Ms. DuCote that Joan O'Brien, one of the directors at the Montefiore, refused to interview Ms. DuCote for any of the three (3) open positions at the Wakefield division that were available at the time.

27. In and around September 11, 2013, Ms. DuCote called her former director Justine Huffaker to see if she had any open positions.

28. Ms. Huffaker told Ms. DuCote that she had an open position in the recovery room and that she would forward her resume to Donna Douglas, the assistant director of the recovery room. Ms. DuCote was qualified for this position; before Ms. DuCote was terminated she was the head of the surgical unit, which received patients directly from and worked in correlation with the recovery room.

29. No one called Ms. DuCote. Ms. DuCote called Ms. Douglas, who told her that they hired someone else.

30. Ms. DuCote had two (2) interviews for this position: one with Ms. Douglas and another with Dr. Chernov, the head of anesthesia. She never heard back from anyone regarding the positions.

31. Ms. DuCote also interviewed for a position as an assistant manager in the emergency department, but before she could complete the interview process, a nurse recruiter informed her that the position had been offered to someone else. Ms. DuCote was qualified for this position; she has ten (10) years of emergency room experience (1995-2005) and was the head nurse of the ER for two and half (2.5) years.

32. In May 2014, Ms. DuCote learned that Mr. Berner was no longer employed by Montefiore; in her continued efforts to be re-hired, on or about May 29, 2014, she contacted Robyn Ruderman, Esq., an attorney at Montefiore, to inquire about obtaining a position.

33. Ms. Ruderman told Ms. DuCote to send her a list of positions that she would be interested in and that Ms. Ruderman would have a nurse recruiter work with Ms. DuCote to obtain a position.

34. That same day, May 29, 2014, Ms. DuCote emailed Ms. Ruderman a list of six (6) positions she was interested in and for which she believed she was qualified. Ms. DuCote never heard back from Ms. Ruderman.

35. Ms. DuCote applied for over fifteen (15) position with Montefiore, all for which she was qualified.

36. Despite the fact that she is qualified for a nursing managerial position, she has not been re-hired by Montefiore due to her perceived disability and taking FMLA leave.

37. Ms. DuCote's salary was $115,000 before she was terminated from Montefiore in October 2012.

38. Defendant discriminated against Ms. DuCote on the basis of her FMLA leave and perceived disability in that it terminated her and refused to rehire her, causing her damages.

39. Ms. DuCote has suffered direct and proximate emotional and financial harm as a result of Defendant's conduct. This harm includes but is not limited to extreme mental anguish, emotional distress, humiliation, and damage to Ms. DuCote's reputation as a person without a disability, and monetary loss including, but not limited to, a sum equal to the difference between the wages, benefits and perquisites Ms. DuCote's would have earned with Montefiore and the wages, benefits and perquisites she earned after Montefiore terminated and refused to rehire her.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of the ADA for Illegal Refusal to Hire**

40. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 39 with the same force as though separately alleged herein.

41. The ADA mandates that no employer discriminate against a qualified individual on the basis of disability in regard to job application procedures.

42. Defendant discriminated against Plaintiff due to her perceived disability.

43. Plaintiff is entitled to recover costs and attorneys' fees from Defendant in an amount to be determined by this Court.

44. As a result of Defendant's unlawful acts, Plaintiff has been denied wages, salary, employment benefits, other compensation, and actual monetary losses.

## SECOND CAUSE OF ACTION
### Violation of the FMLA for Illegal Retaliation

45. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 44 with the same force as though separately alleged herein.

46. Defendant discriminated against Plaintiff by refusing to re-hire her because she took FMLA leave.

47. As a result of Defendant's unlawful acts, Plaintiff has been denied wages, salary, employment benefits, other compensation, and actual monetary losses.

48. Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

## THIRD CAUSE OF ACTION
### Violation of the NYCHRL for Disability Discrimination for Illegally Terminating Plaintiff's Employment

49. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 48 with the same force as though separately alleged herein.

50. NYCHRL mandates that no employer terminate any person because of an actual or perceived disability.

51. Defendant discriminated against Plaintiff by terminating due to her actual or perceived disability.

52. As a result of Defendant's unlawful acts, Plaintiff has been denied wages, salary, employment benefits, other compensation, and actual monetary losses.

53. Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

**FOURTH CAUSE OF ACTION**
**Violation of the NYCHRL for Disability Discrimination for Illegally Refusing to Hire Plaintiff**

54. Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 53 with the same force as though separately alleged herein.

55. NYCHRL mandates that no employer refuse to hire any person because of an actual or perceived disability.

56. Defendant discriminated against Plaintiff by refusing to re-hire her due to her perceived disability.

57. As a result of Defendant's unlawful acts, Plaintiff has been denied wages, salary, employment benefits, other compensation, and actual monetary losses.

58. Plaintiff is entitled to compensatory damages, liquidated damages, costs, attorneys' fees, and any other damages and other compensation that the Court deems appropriate.

## Request for Relief

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first claim, actual damages to be determined at trial, but in no event less than $500,000;

B. For the second claim, actual damages to be determined at trial, but in no event less than $500,000;

C. For the third claim, actual damages to be determined at trial, but in no event less than $500,000;

D. For the fourth claim, actual damages to be determined at trial, but in no event less than $500,000;

E. An award of compensatory, assumed, and punitive damages;

F. Pre-judgment and post-judgment interest;

G. Attorneys' fees and costs; and

H. For such other and further relief as the Court deems just and proper.

Dated: New York, New York
March 5, 2015

THE HARMAN FIRM, P.C.

By: _____
Walker G. Harman, Jr. [WH-8044]
Ronnie L. Silverberg [RS-6881]
*Attorneys for Plaintiff DuCote*
1776 Broadway, Suite 2030
New York, NY 10019
(212) 425-2600
wharman@theharmanfirm.com
rsilverberg@theharmanfirm.com