

Littler Mendelson, PC
900 Third Avenue
New York, NY 10022.3298

March 23, 2015

Jean L. Schmidt
212.497.8486 direct
212.583.9600 main
646.417.7534 fax
jschmidt@littler.com

**VIA ECF**

Hon. P. Kevin Castel
United States District Court for the
 Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re: **DuCote v. Montefiore Medical Center**
    **Case No.: 14-cv-10095 (PKC)**

Dear Judge Castel,

We represent Defendant in the above-referenced action. Pursuant to Your Honor's Individual's Rules, we submit this letter to outline the basis for Defendant's proposed motion under Fed. R. Civ. P. Rule 12(b) to dismiss Plaintiff's claim that she was terminated because of her disability in violation of the New York City Human Rights Law. *See* First Amended Complaint, ECF No. 14, Third Cause of Action.

## Background

Ms. DuCote was hired as an Administrative Nurse Manager at Montefiore in October 2007. In March 2012, she was unable to work due to her medical condition and was granted leave under the Family and Medical Leave Act. When her FMLA leave expired in June 2007, Ms. DuCote was still unable to return to work and Montefiore accommodated her by granting her additional leave. By October, 2012, Ms. DuCote had still not returned to work. At that point she had exceeded the amount of time permitted under Montefiore's personal medical leave policy and Montefiore was advised that Ms. DuCote would not be able to return in the foreseeable future and it was not known when she would be able to return. Consequently, Ms. DuCote's employment was terminated on October 16, 2012. Ms. DuCote did not file any complaint regarding her termination with the EEOC, the NY State Division of Human Rights or the NY City Commission on Human Rights. Nor did she initiate a lawsuit regarding her termination.

Nearly a year later, on September 2, 2013, Ms. DuCote informed Montefiore that she was ready to return to work. After several months of applying for positions but not receiving an offer, she filed a charge with the Equal Employment Opportunity Commission alleging that Montefiore failed to rehire her because of her record of a disability and her age. She requested and was issued a Notice of Right to Sue on September 25, 2014.

## Complaint and First Amended Complaint

On December 23, 2014, Ms. DuCote filed her Complaint in this Action. In her Complaint, she challenged Montefiore's failure to rehire her. Specifically, she alleged Montefiore failed to rehire her because of her perceived disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq* ("ADA") and the New York City Human Rights Law § 8-107 ("NYCHRL"). ECF No. 1, First and Third Causes of Action. She also alleged Montefiore's refusal to rehire her was in retaliation for her taking FMLA leave in violation of the Family and Medical Leave Act, 29 U.S.C. § 28 *et seq.* ("FMLA"). *Id.*, Second Cause of Action.

On March 10, 2015, Ms. DuCote filed her First Amended Complaint. In the Amended Complaint, Ms. DuCote for the first time asserts that her termination in 2012 was discriminatory. Specifically, she alleges that Montefiore terminated her employment because of her actual or perceived disability in violation of the New York City Human Rights Law. ECF No. 14, Third Cause of Action.[1]

As we next discuss, the Court should refuse to exercise supplemental jurisdiction over this new NYCHRL claim and dismiss it from this action because it does not arise out of the same nucleus of facts as the federal claims and involves an entirely different legal theory.

## There Is No Basis For Supplemental Jurisdiction

As a general matter, federal district courts have supplemental jurisdiction over state law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). In order for a federal court to exercise supplemental jurisdiction, "[t]he state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966). "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, (1966); *TPTCC NY, Inc. v. Radiation Therapy Servs., Inc.,* 453 F. App'x 105, 106 (2d Cir. 2011).

Here, Plaintiff's new NYCHRL claim for discriminatory termination is unrelated to her federal claims for failure to rehire and arises from a different nucleus of operative fact. The alleged events surrounding the termination occurred more than a year before the alleged failure to rehire. Moreover, the facts and circumstances of her termination have no bearing on her subsequent efforts to be rehired and vice versa.

Further, the NYCHRL claim and Ms. DuCote's federal claims involve different legal theories. Plaintiff's termination claim under NY City Human Rights Law turns on the question of whether

---

[1] Ms. DuCote cannot assert a federal claim for discriminatory termination under either the ADA or the FMLA because such claims are time barred.

Montefiore was obligated to continue to employ Ms. DuCote as a reasonable accommodation even though she had been on leave for seven months and could not return to work. In contrast, Plaintiff's failure to rehire claim involves discrimination and retaliation – *i.e.*, did Montefiore fail to rehire her because it perceived her to be disabled and/or because she had taken FMLA leave – not a failure to reasonably accommodate.

In sum, not only are the facts and circumstances of Ms. DuCote's NYCHRL termination claim entirely different from her federal claims, the NYCHRL claim involves a different legal theory and different burdens of proof. Consequently, the Court should not exercise supplemental jurisdiction over Plaintiff's NYCHR claim for wrongful termination, and it should be dismissed.

Respectfully submitted,

/s/

Jean L. Schmidt

cc: Ronnie L. Silverberg (via ECF)
      Attorney for Plaintiff